Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 421-2624
Fax:  (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Evander Frank Kane,
Debtor and Defendant.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| HOPE PARKER,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Debtor and Defendant. | Adv. Proc. No. 21-5008<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**[1]<br><br><u>Hearing:</u><br>Date:  June 15, 2021<br>Time:  1:30 p.m. Pacific Prevailing Time<br>Place:  Tele/Videoconference<br><br>**Remote appearances only.**<br><br>*Please check www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, "ECF" references are to the docket in this proceeding, and "RJN" references are to the concurrently filed request for judicial notice.

MEMORANDUM OF POINTS AND AUTHORITIES                                                                                           i

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND ...................................................................................................... 1

    A. Factual Background ........................................................................................ 1

    B. State Court Action .......................................................................................... 1

    C. Adversary Proceeding .................................................................................... 2

III. LEGAL STANDARD ON A MOTION TO DISMISS ............................................ 2

IV. LEGAL ARGUMENT ............................................................................................. 3

    A. The First Cause of Action for Nondischargeability Should Be Dismissed ........... 3

        1. Kane received no money, property, services, or credit. ..................................... 4

        2. Parker's allegations of Kane's fraudulent intent are insufficient. ..................... 5

        3. Parker's reliance on Kane's alleged statements was unreasonable. ................. 5

        4. Kane's alleged statements did not proximately cause Parker any loss or damage. ................................................................................................................. 6

    B. The Second Cause of Action for Denial of Discharge Should Be Dismissed ....... 8

    C. Dismissal Should Be with Prejudice and Without Leave to Amend ................... 11

V. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aceves v. U . S . Bank Nat'l Ass'n*, 192 Cal. App. 4th 218, 227 (2011) ........................................ 6
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................ 3
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 3
*Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 215 (2006) ....................................................... 7
*Cheema v. L.S. Trucking, Inc.*, 39 Cal. App. 5th 1142 (2019) ....................................................... 7
*Consumers Oil Co. v. Adeeb (In re Adeeb)*, 787 F.2d 1339 (9th Cir. 1986) ................................... 9
*Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951 (1997) .................................................... 4
*Field v. Mans*, 516 U.S. 59 (1995) .................................................................................................. 5
*Forde v. Vernbro Corp.*, 218 Cal. App. 2d 405 (1963) ................................................................... 7
*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990) ........................ 2
*In re Kirsh*, 973 F.2d 1454 (9th Cir. 1992) ..................................................................................... 5
*In re Nye*, 64 B.R. 759 (Bankr. E.D.N.C. 1986) ........................................................................... 10
*In re Poole v. Poole*, 2017 Bankr. LEXIS 2353 (B.A.P. 9th Cir. 2017) ......................................... 4
*Kathleen K. v. Robert B.*, 150 Cal. App. 3d 992 (1984) ................................................................. 8
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .............................................................. 3
*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988) ......................................................... 11
*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ................................................................ 3
*Pac. Corp. Grp. Holdings, LLC v. Keck*, 232 Cal. App. 4th 294 (2014) ....................................... 6
*Perry v. Atkinson*, 195 Cal. App. 3d 14 (1987) .......................................................................... 7, 8
*Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991) ............................................................... 11
*Turtle Rock Meadows Homeowners Ass'n v. Slyman* (*In re Slyman*), 234 F.3d 1081 (9th Cir. 2000) ............................................................................................................................................ 4
*Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987) .......................................................... 2
*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................................. 3, 6
*Ward v. Thompson (In re Thompson)*, 2009 WL 7751298, 2009 Bankr. LEXIS 4530 (B.A.P. 9th Cir. Apr. 20, 2009) ..................................................................................................................... 10
*Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793 (1998) ..................................................... 6
*White Point Co. v. Herrington*, 268 Cal. App. 2d 458 (1968) ....................................................... 7

**Statutes**

§ 341 ............................................................................................................................................ 9, 10
§ 523 ........................................................................................................................................ passim
§ 727 ........................................................................................................................................ passim

**Rules**

Bankruptcy Rule 7009 ...................................................................................................................... 3
Bankruptcy Rule 7012 ...................................................................................................................... 2
Bankruptcy Rule 7015 .................................................................................................................... 11
Civil Rule 12 ....................................................................................................................... 2, 4, 8, 10
Civil Rule 15 .................................................................................................................................. 11
Civil Rule 9 ......................................................................................................................... 3, 4, 8, 10

**Treatises**

Collier on Bankruptcy ¶ 523.08 .................................................................................................. 4, 5
Collier on Bankruptcy ¶ 727.08 ....................................................................................................... 9

## I. INTRODUCTION

Evander Frank Kane ("Kane"), debtor in the above-captioned Chapter 7 bankruptcy case and defendant in this adversary proceeding, submits this memorandum of points and authorities in support of the concurrently filed motion to dismiss (the "Motion") the adversary complaint (the "Complaint") filed by Hope Parker ("Parker") on April 1, 2021. ECF 1.

The Complaint presents a self-serving and disputed account of an intensely personal series of events that occurred within the context of a private sexual relationship between two consenting adults. Cutting through the dramatic and upsetting narrative, however, the complaint presents nothing more than a purported breach of an invalid and unenforceable contract, if anything. As discussed below, the allegations do not provide any basis for relief under § 523 or § 727, and the Complaint should be dismissed without leave to amend.

## II. BACKGROUND

### A. Factual Background[2]

Parker alleges that she engaged in consensual sexual relations with Kane on May 31, 2018, which resulted in pregnancy. Complaint at ¶ 10. She states that Kane initially offered her $1 million to terminate the pregnancy, which she refused and responded "that the one million dollar offer . . . was not enough." *Id.* at ¶¶ 13, 19. She asserts that on or about June 4, 2018, after further discussions, Kane increased his offer to "between two and three million dollars" to terminate the pregnancy. *Id.* at ¶ 21. Parker received injections terminating the pregnancy, during which time she says she received encouragement and reassurance from Kane. *Id.* at ¶ 24. She claims that she sent confirmation to Kane that the procedure was complete on June 13, 2018, after which Kane did not pay her and instead directed her to contact his lawyer. *Id.* at ¶ 25.

### B. State Court Action

Parker sued Kane in Los Angeles Superior Court (case no. 18SMCV00095), pleading causes of action for breach of contract, fraud, intentional infliction of emotional distress,

---

[2] Background information is summarized from the Complaint for context. Parker's factual allegations are presumed to be true for the limited purposes of this Motion, but Kane does not concede the ultimate truth of any allegations found in the Complaint.

MEMORANDUM OF POINTS AND AUTHORITIES 1

quantum meruit, and promissory estoppel. *Id.* at ¶ 26. On May 11, 2020, Kane filed a motion for summary judgment as to all of Parker's causes of action. RJN at Exhibit A.[3] The hearing on the motion was continued due to the COVID-19 pandemic and was later stayed due to Kane's bankruptcy filing.

C. <u>Adversary Proceeding</u>

On April 1, 2021, Parker filed her Complaint against Kane. Her Complaint alleges that Kane made false representations or promises to Parker to induce her to terminate the pregnancy, making the alleged debt (presumably $2–3 million) nondischargeable pursuant to § 523(a)(2)(A). Parker also asserts that Kane should be denied a discharge pursuant to § 727(a)(2)–(7) because he failed to disclose all his earnings and to provide satisfactory answers regarding where all his money had gone. Neither cause of action is supported by sufficient nonconclusory factual allegations, and both should be dismissed with prejudice for the reasons set forth below.

## III. LEGAL STANDARD ON A MOTION TO DISMISS

A defendant may assert, by motion, the defense that the plaintiff has failed to state a claim upon which relief can be granted. Civil Rule 12(b)(6) (incorporated by Bankruptcy Rule 7012). At its heart, a motion to dismiss is a statement that even if the plaintiff is given every benefit of the doubt, the plaintiff's claim should be dismissed because it is unsupported by factual assertions or is otherwise not legally cognizable.

For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of

---

[3] Kane's state court motion is included only for context and to indicate that Kane has previously disputed Parker's highly dramatic and upsetting narrative. Because the instant Motion is brought pursuant to Civil Rule 12(b)(6), the state court motion is not meant to present a competing factual narrative.

MEMORANDUM OF POINTS AND AUTHORITIES 2

the complaint or relied upon in the complaint and may also consider material subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

To sufficiently state a claim for relief and survive a motion to dismiss, the pleading "does not need detailed factual allegations" but the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "[F]or a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Furthermore, any allegations of fraud must fulfill a heightened standard pleading to avoid dismissal. Civil Rule 9(b) (incorporated by Bankruptcy Rule 7009). When a plaintiff includes such allegations, she must "state with particularity the circumstances constituting fraud or mistake," but "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Civil Rule 9(b). To fulfill this standard in the Ninth Circuit, the complaint must establish "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Civil Rule 9(b)'s heightened pleading requirements. *Id.* at 1106.

IV. **LEGAL ARGUMENT**

A. <u>The First Cause of Action for Nondischargeability Should Be Dismissed</u>

Parker's first cause of action alleges that a debt, presumably in an amount of $2–3 million, should be declared nondischargeable under § 523(a)(2)(A) due to Kane's alleged false representations or promises. *See* Complaint at ¶ 31 (stating the elements of actual fraud).

Section 523(a)(2)(A) excepts from discharge any debt for money, property, services, or credit to the extent obtained by false pretenses, a false representation, or actual fraud. To sustain

MEMORANDUM OF POINTS AND AUTHORITIES 3

Case: 21-05008    Doc# 4-1    Filed: 05/03/21    Entered: 05/03/21 19:37:19    Page 6 of 14

a prima facie case for promissory fraud as alleged by Parker, a plaintiff must allege that (1) the defendant made a representation; (2) at the time of the representation, the defendant knew it was false; (3) the defendant made the representation with the intent and purpose of deceiving the plaintiff; (4) the plaintiff justifiably relied on the representation; and (4) the representation proximately caused plaintiff's loss or damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). In determining nondischargeability, and in the liberal spirit of the Bankruptcy Code, § 523 is strictly construed against the objecting creditor and liberally in favor of the debtor. *In re Poole v. Poole*, 2017 Bankr. LEXIS 2353, *5 (B.A.P. 9th Cir. 2017). *See also Turtle Rock Meadows Homeowners Ass'n v. Slyman* (*In re Slyman*), 234 F.3d 1081, 1085 (9th Cir. 2000).

For the reasons set forth below, Parker's Complaint fails to allege the necessary requirements of § 523(a)(2)(A) and should be dismissed.

   1. *Kane received no money, property, services, or credit.*

As mentioned above, § 523(a)(2)(A) prevents a debtor from discharging a debt "for money, property, services, or . . . credit, to the extent obtained by . . . fraud." Services include professional services as well as any type of work or labor. 4 Collier on Bankruptcy ¶ 523.08[1][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.).

This threshold requirement is not met. Parker has not alleged that the abortion bestowed upon Kane any benefit in the form of money, property, services, or credit. She also has not alleged that her act of terminating the pregnancy constitutes "services" within the meaning of § 523(a)(2)(A). Furthermore, even if she had alleged foregone child support payments as a benefit (if such a thing could even be considered a benefit), such amounts are entirely speculative because they would rely on a series of assumptions about the actual paternity of the unborn child and the calculation of support amounts, which is based upon several variables including both parents' incomes and the amount of time the child spends with each parent. As such, the Complaint fails to establish a gating issue, and the § 523(a)(2)(A) claim should be dismissed pursuant to Civil Rules 12(b)(6) and 9(b).

### 2. Parker's allegations of Kane's fraudulent intent are insufficient.

A failure to perform a promise is not sufficient to make a debt nondischargeable, even if there is no excuse for the breach, and a debtor's statement of future intention is not a misrepresentation if intervening events cause the debtor's future actions to depart from the previously expressed intentions. 4 Collier on Bankruptcy at ¶ 523.08[1][d]. Thus, § 523(a)(2)(A) may only make a claim nondischargeable if the debtor had no intention to perform on a contract existing between the parties.[4] *Id.*

The factual allegations in Parker's Complaint demonstrate that Kane possessed the intent to pay Parker to terminate the pregnancy. He voluntarily offered her money and increased his offer after her initial rejection. Complaint at ¶¶ 12–14, 19–21. He indicated the intense financial pressures that he was facing, stating that he would "do everything [he] could" and that he was "literally going to be broke after this." *Id.* at ¶ 21. His bankruptcy case, which the Court may judicially notice, is evidence that his statement of his financial limitations was true and that he was indeed going broke. As such, Parker's Complaint demonstrates the existence of intervening events—his rapidly declining financial condition—caused Kane's actions to depart from the allegedly previously expressed intention.[5] For that reason, Parker's Complaint fails to allege the requisite intent required to establish § 523(a)(2)(A) nondischargeability.

### 3. Parker's reliance on Kane's alleged statements was unreasonable.

To state a claim for nondischargeability, it is also necessary that the plaintiff's reliance on the debtor's statements was justified under the circumstances. *Field v. Mans*, 516 U.S. 59, 73–75 (1995). The inquiry focuses on whether the falsity of the representation was, or should have been, readily apparent to the individual to whom it was made. *Id.* at ¶ 75; *In re Kirsh*, 973 F.2d 1454, 1458 (9th Cir. 1992); 4 Collier on Bankruptcy at ¶ 523.08[1][d].

---

[4] As described below in subpart 4, there could be no valid and enforceable contract between the parties because they never agreed to material terms and adjudication of procreative decisions is against public policy.

[5] A debtor's insolvency or inability to pay does not, by itself, provide a basis to infer the debtor's lack of intent. 4 Collier on Bankruptcy at ¶ 523.08[1][d]. An honest belief that a debt would be paid in the future, even if unrealistic in hindsight, negates fraudulent intent. *Id.*

Parker's alleged reliance on Kane's statements was unreasonable. She alleges that she underwent an abortion not only before receiving any payment from Kane, but also before even agreeing to a specific amount. In essence, Parker was acting on the hopeful expectation that she would be paid, and a "mere hopeful expectation cannot be equated with the necessary justifiable reliance." *Aceves v. U . S . Bank Nat'l Ass'n*, 192 Cal. App. 4th 218, 227 (2011) (internal marks removed). Furthermore, she fails to state with particularity the "who, what, when, where, and how" of the alleged fraud, such as why her alleged reliance was reasonable and justified. *See Vess v. Ciba-Geigy Corp.* at 1107. Her Complaint fails to plausibly allege that her reliance on Kane's alleged statements was justified, and so her § 523(a)(2)(A) cause of action must be dismissed.

        4.  *Kane's alleged statements did not proximately cause Parker any loss or damage.*

Parker's Complaint does not specifically allege what her damages were. *See* Complaint at ¶ 36 (". . . Parker terminated her pregnancy, resulting in damages."), ¶ 37 ("the debt owed to Plaintiff is not dischargeable"), 9 (generally alleging "indebtedness"). Presumably, she is seeking contractual damages of "between two and three million dollars" that she alleges she was offered to terminate her pregnancy. *Id.* at ¶ 21. However, the total amount of damages is not clearly stated, and the Complaint is ambiguous as to the source of the damages (e.g., contract damages, compensatory damages, or some other calculation of damages).

Contract damages are not available to Parker because the parties never agreed to the material terms of the purported contract. Under California law, "[c]ontract formation requires mutual consent, which cannot exist unless the parties agree upon the same thing in the same sense." *Pac. Corp. Grp. Holdings, LLC v. Keck*, 232 Cal. App. 4th 294, 309 (2014) (internal marks removed). If there is no meeting of the minds on the material terms of a contract, then no contract has been formed. *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 797 (1998). Uncertainty to a material term such as payment amount prevents contract formation, "even [if]

the parties have orally agreed upon some of the terms, or have taken some action related to the contract." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 215 (2006).[6]

The amount of Kane's alleged payment is undoubtedly a material term of the alleged agreement. However, Parker's Complaint shows that the parties never agreed on a payment amount. She alleged that after she rejected Kane's offer of $1 million, he offered her "some amount of money," said he would "take care" of her and "pay for any future issues to get pregnant," said he was "going to do everything [he could]," said he would pay "in excess of one million dollars," and finally agreed to pay "between two million to three million dollars." Complaint at ¶¶ 12–14, 19–21. These statements are vague and indefinite, and Parker's Complaint does not allege that the parties agreed to an exact amount or a method to determine the amount. There was never a meeting of the minds and an enforceable contract was never formed due to the uncertainty of material terms. Parker cannot now claim contract damages of $2–3 million based on an invalid and unenforceable contract.

Moreover, adjudication of purported promises made within the context of a private, consensual, sexual relationship is contrary to public policy. California law has long held that such promises are outside the scope of adjudication due to their intensely personal nature. In *Perry v. Atkinson*, 195 Cal. App. 3d 14 (1987), Perry, an unmarried woman, became intimately involved with Atkinson, a married man. Perry got pregnant and Atkinson pressured her to have an abortion, inducing her to do so by promising her another child in the future. Perry relied on Atkinson's promise and reluctantly terminated her pregnancy, causing her great physical and emotional pain. After the abortion, Perry discovered that Atkinson never intended to keep his promise. She became severely depressed and required psychiatric treatment, incurred extensive medical bills, and lost several months of earnings. The lower court rejected Perry's causes of action for fraud and deceit, reasoning that "public policy prohibits a cause of action for fraud and

---

[6] *See also Forde v. Vernbro Corp.*, 218 Cal. App. 2d 405, 408 (1963) (where the parties have not agreed upon a reasonable price nor prescribed a practicable method of determination, the agreement is too indefinite and uncertain for enforcement); *Cheema v. L.S. Trucking, Inc.*, 39 Cal. App. 5th 1142, 1149 (2019) (verbal sale agreement was unenforceable when the parties did not agree on an exact price, payment schedule, or interest rate); *White Point Co. v. Herrington*, 268 Cal. App. 2d 458, 465 (1968) (uncertainty of a material term voids the entire agreement).

MEMORANDUM OF POINTS AND AUTHORITIES     7

Case: 21-05008    Doc# 4-1    Filed: 05/03/21    Entered: 05/03/21 19:37:19    Page 10 of 14

deceit concerning intimate matters involving procreation." *Id.* at 16. The lower court concluded that "to control the promises of the parties by legal action would constitute an unwarranted governmental intrusion into matters affecting the individual's right to privacy." *Id.* at 16–17. The appellate court affirmed, holding that:

> Although Atkinson may have deliberately misrepresented his intentions to Perry in order to persuade her to have the abortion, their procreative decisions were so intensely private that we decline to intervene. Tort liability cannot apply to the choice, however motivated, of whether to conceive or bear a child.

*Id.* at 19. The appellate court noted that tort liability could exist in other circumstances involving sexual relationships, such as the transmission of a sexually transmitted disease when the defendant tortiously concealed a venereal infection. *Id.* at 20 (discussing *Kathleen K. v. Robert B.*, 150 Cal. App. 3d 992 (1984)). However, the *Perry v. Atkinson* court concluded that tort law could not be applied to procreative decisions, however motivated.

Compensatory damages, though not specified, presumably might include Parker's cost to terminate the pregnancy, as well as to treat any medical complications. However, Parker has not alleged any such damages. Even if she did, they would be outside of the purview of the court for the same public policy reasons stated above—that courts should not interfere in private procreative choices. *See Perry v. Atkinson* at 16 (denying fraud and deceit claims alleged to have caused depression, psychiatric treatment, medical bills, and six months of lost earnings).

Because Parker has not and cannot allege any damages proximately caused by Kane's alleged misrepresentations, her § 523(a)(2)(A) cause of action fails as a matter of law and must be dismissed pursuant to Civil Rules 12(b)(6) and 9(b).

B. <u>The Second Cause of Action for Denial of Discharge Should Be Dismissed</u>

Parker's second cause of action alleges that Kane should be denied a discharge under § 727(a)(2)–(7). Though not specifically alleged or analyzed in the Complaint, these provisions deny a discharge when a debtor is found to have (1) fraudulently transferred or concealed property, § 727(a)(2)(A)–(B); (2) failed to keep or preserve books or records, § 727(a)(3); (3) made false statements under oath, § 727(a)(4)(A); (4) presented a false claim, § 727(a)(4)(B); (5) engaged in extortion or bribery, § 727(a)(4)(C); (6) withheld financial records, § 727(a)(4)(D);

MEMORANDUM OF POINTS AND AUTHORITIES 8

(7) failed to explain loss of assets or insolvency, § 727(a)(5); (8) refused to obey court orders or respond to material questions, § 727(a)(6)(A)–(C); or (9) committed any of the preceding acts in connection with another case concerning an insider, § 727(a)(7). A total bar to discharge is an extreme remedy, so bankruptcy courts construe § 727 liberally in favor of the debtor and strictly against the objecting party. *Consumers Oil Co. v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir. 1986).

Parker's cause of action is vaguely brought "pursuant to 11 U.S.C. section 727(a)(2) through (a)(7)," so it is unclear which specific provisions she asserts entitle her to relief or what acts allegedly trigger liability under the various subsections. *See* Complaint at ¶ 39. The brief assertions that she makes are as follows: (1) Kane failed to disclose all of his earnings, including future earnings; and (2) Kane failed to adequately explain where all of his money had gone at the § 341 meeting of creditors. *See* Complaint at ¶ 28, 40–41. Given a generous reading of the Complaint, Parker may be seeking relief under § 727(a)(2)(A)–(B) (fraudulent concealment), § 727(a)(4)(A) (false statements under oath), or § 727(a)(5) (failed to explain loss of assets or insolvency). These are discussed briefly in turn.

Parker has not alleged that Kane transferred, removed, destroyed, or concealed any property, whether within one year before the filing of his bankruptcy petition, or after the filing date. She has not alleged that Kane acted with any actual intent to hinder, delay, or defraud a creditor. As such, she has failed to allege a cause of action under § 727(a)(2)(A) or (B).

Parker has not alleged that Kane has made any specific false oath or account, whether at his § 341 meeting, in his Schedules or Statement of Financial Affairs ("SOFA"), in any declaration filed with the Court, or otherwise. Even if Parker were to identify any specific false statement, she has not alleged that it was made knowingly or fraudulently. For these reasons, a § 727(a)(4)(A) cause of action has not been sufficiently alleged.

To state a cause of action under § 727(a)(5), the objector "must introduce more than merely an allegation that the debtor has failed to explain losses," and must "identify particular assets which have been lost." 6 Collier on Bankruptcy at ¶ 727.08. A debtor's lack of wisdom in the expenditures, by itself, is not grounds for denial of discharge. *Id. See also In re Nye*, 64 B.R.

759, 762 (Bankr. E.D.N.C. 1986) (explanation need not be meritorious to be satisfactory); *Ward v. Thompson (In re Thompson)*, 2009 WL 7751298, 2009 Bankr. LEXIS 4530 (B.A.P. 9th Cir. Apr. 20, 2009) (citing *Nye*). Parker has not set forth any allegations beyond the bare assertion that Kane has failed to explain his losses, and she has not identified any particular asset that has been lost. As such, Parker has not stated a claim under § 727(a)(5).

Not only has Parker failed to state a cause of action under § 727(a), but her two assertions are flatly contradicted by the existing record, which is subject to judicial notice. First, Kane described all of his earnings, including anticipated future earnings, in great detail. *See* ECF 1 at 41 (attachment to Schedule I describing Kane's anticipated 2020/2021 income and deductions thereto). *See also* ECF 101 at 4, 8 (*Order Denying Motion to Convert*, describing Kane's disclosures regarding his income, including anticipated future income).

Second, Kane has sufficiently explained his expenditures and insolvency. He has appeared at two § 341 meetings, provided the Chapter 7 trustee and U.S. Trustee with requested documents, and disclosed his assets, liabilities, and expenditures in filings with the Court. *See, e.g.,* ECF 1, 17 (amended Schedule A/B), 18 (amended Schedules D and E/F), 19 (amended SOFA), 29 (second amended SOFA), 30 (second amended Schedule A/B and amended Schedule J), and 37 (third amended Schedule A/B and amended Schedule C). Kane has honestly disclosed all material facts to the best of his ability, and any alleged failure to disclose is justified and immaterial.

Parker's Complaint is devoid of any allegations that any specific assets, liabilities, or expenditures have been fabricated or omitted, or that any false representations were made by Kane at his § 341 meeting or otherwise in connection with this bankruptcy case. Furthermore, there are no allegations that Kane ever acted with an intent to hinder, delay, or defraud creditors. In sum, none of Parker's allegations brought pursuant to § 727(a)(2)–(7) state conduct that, if taken as true, rises to the level to deny Kane's discharge. For these reasons, the § 727(a) causes of action should be dismissed pursuant to Civil Rules 12(b)(6) and 9(b).

### C. Dismissal Should Be with Prejudice and Without Leave to Amend

When dismissing a complaint, a court should freely give leave to amend when justice so requires. *See* Civil Rule 15(a)(2) (incorporated by Bankruptcy Rule 7015). However, a court has discretion to deny leave to amend when amendment would be futile. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Amendment is futile when no set of facts can be proved which would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Parker cannot amend her Complaint to state a legally sufficient cause of action for nondischargeability because Kane did not receive a benefit and she cannot meet the elements of fraud. Her cause of action for denial of discharge also cannot be amended to state a claim for relief because she cannot meet the requisite elements and because her conclusory allegations are flatly contradicted by the record. For these reasons, dismissal of the Complaint should be with prejudice and without leave to amend.

### V. CONCLUSION

For the reasons stated above, Kane respectfully requests that the Bankruptcy Court enter an order that:

1. Grants this Motion.
2. Dismisses the Complaint in its entirety. Because there is no conceivable way to cure the deficiencies through amendment, dismissal is requested without leave to amend.
3. Grants such further relief that the Bankruptcy Court deems proper under the circumstances of this case.

Dated May 3, 2021

FINESTONE HAYES LLP

*/s/ Stephen D. Finestone*
Stephen D. Finestone
Attorneys for Evander Frank Kane,
Debtor and Defendant.