Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 616-0466
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Defendant
Evander Frank Kane

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor.<br><hr>HOPE PARKER<br>   Plaintiff<br>v.<br>EVANDER FRANK KANE<br>   Defendant | Case No. 21-50028-SLJ<br><br>Chapter 7<br><br>Adv. Proc. No. 21-5008<br><br>**ANSWER TO COMPLAINT** |

Evander Frank Kane ("Kane" or "Defendant") appears and consents to this Court's entry of a final judgment in this matter, and answers the Adversary Complaint for Nondischargeability of Debt (the "Complaint") filed by Hope Parker ("Plaintiff" or "Parker") as follows:

**GENERAL ALLEGATIONS**

  1.  Kane admits the allegations contained in paragraph 1.

  2.  Kane admits the allegations contained in paragraph 2.

ANSWER TO COMPLAINT                                        1

3.   Kane admits the allegations contained in paragraph 3.

3    Kane admits the allegations contained in paragraph 3.[1]

4.   Kane admits the allegations contained in paragraph 4.

6.   Kane does not admit or deny the allegations of paragraph 6 as they involve personal matters that are not a proper subject for litigation.

7.   Kane does not admit or deny the allegations of paragraph 7 as they involve personal matters that are not a proper subject for this litigation.

8.   Kane does not admit or deny the allegations of paragraph 8 as they involve personal matters that are not a proper subject for this litigation.

9.   Kane does not admit or deny the allegations of paragraph 9 as they involve personal matters that are not a proper subject for this litigation.

10.  Kane does not admit or deny the allegations of paragraph 10 as the involve personal matters that are not a proper subject for this litigation.

11.  Kane does not admit or deny the allegations of paragraph 11 as they involve personal matters that are not a proper subject for this litigation.

12.  Kane admits the allegations of paragraph 12 to the extent they accurately replicate statements given under oath.  Except as so admitted, Defendant denies the allegations of paragraph 11.

13.  Kane does not admit or deny the allegations of paragraph 13 as they involve personal matters that are not a proper subject for this litigation.

14.  Kane admits the allegations of paragraph 14 to the extent they accurately replicate statements given under oath.  Except as so admitted, Defendant denies the allegations of paragraph 14.

15.  Kane does not admit or deny the allegations of paragraph 15 as they involve personal matters that are not a proper subject for this litigation.

---

[1] The complaint contains two paragraphs with the number "3" and no paragraph 5. Kane repeats that pattern here to avoid confusion.

16. Kane does not admit or deny the allegations of paragraph 16 as they involve personal matters that are not a proper subject for this litigation.

17. Kane does not admit or deny the allegations of paragraph 17 as they involve personal matters that are not a proper subject for this litigation.

18. Kane does not admit or deny the allegations of paragraph 18 as they involve personal matters that are not a proper subject for this litigation.

19. Kane does not admit or deny the allegations of paragraph 19 as they involve personal matters that are not a proper subject for this litigation.

20. Kane does not admit or deny the allegations of paragraph 20 as they involve personal matters that are not a proper subject for this litigation.

21. Kane does not admit or deny the allegations of paragraph 21 as they involve personal matters that are not a proper subject for this litigation. To the extent the allegations repeat matters in a statement made under oath, Kane admits he made such statements but alleges they are not relevant because the subject matter in question is not a proper subject for this litigation.

22. Kane denies making a promise without an intention of performing. Beyond that, Kane does not admit or deny the allegations of paragraph 22 as they involve personal matters that are not a proper subject for this litigation.

23. Kane denies making a promise without an intention of performing. Beyond that, Kane does not admit or deny the allegations of paragraph 23 as they involve personal matters that are not a proper subject for this litigation.

24. Kane does not admit or deny the allegations of paragraph 24 as they involve personal matters that are not a proper subject for this litigation.

25. Kane does not admit or deny the allegations of paragraph 25 as they involve personal matters that are not a proper subject for this litigation.

26. Kane admits that Parker filed the lawsuit referenced.

27. Kane admits the allegations of paragraph 27 to the extent they accurately reflect what transpired in the state court litigation.

28. Kane admits the allegations of paragraph 28 with respect to the date he filed bankruptcy but denies each and every other allegation contained therein.

## FIRST CLAIM FOR RELIEF

## 11 U.S.C. Section 523(a)(2)(A)

29. Kane reincorporates his responses to paragraphs 1 through 28.

30. Kane admits the allegations of paragraph 30 to the extent they accurately reflect the cited section of the Bankruptcy Code.

31. Kane denies that the allegations contained in paragraph 31.

32. Kane denies making a promise without an intention of performing. Beyond that, Kane does not admit or deny the allegations of paragraph 32 as they involve personal matters that are not a proper subject for this litigation.

33. Kane denies making a promise without an intention of performing. Beyond that, Kane does not admit or deny the allegations of paragraph 33 as they involve personal matters that are not a proper subject for this litigation

34. Kane denies making a promise without an intention of performing. Beyond that, Kane does not admit or deny the allegations of paragraph 34 as they involve personal matters that are not a proper subject for this litigation.

35. Kane denies making a promise without an intention of performing and denies that any alleged reliance by Parker was justified. Beyond that, Kane does not admit or deny the allegations of paragraph 35 as they involve personal matters that are not a proper subject for this litigation.

36. Kane denies making a promise without an intention of performing or any false representation. Beyond that, Kane does not admit or deny the allegations of paragraph 36 as they involve personal matters that are not a proper subject for this litigation.

37. Kane denies the allegations contained in paragraph 37 and notes that pursuant to the Court Order Granting Motion to Dismiss in Part and Denying in Part (ECF 14), the only claim remaining is pursuant to Section 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

## 11 U.S.C. Section 727(a)(5)

38. Kane reincorporates his responses to paragraphs 1 through 37.

39. Kane notes that pursuant to the Court Order Granting Motion to Dismiss in Part and Denying in Part (ECF 14), his motion to dismiss Parker's claims asserted under Section 727 was granted with leave to amend. Kane notes that Parker has not availed herself of the opportunity to amend her complaint within the time provided by the Court's order. As such, the only remaining claim is asserted under Section 727(a)(5). Kane denies the allegations in paragraphs 39-41 to the extent they assert a claim under Section 727(a)(5). To the extent the allegations seek to assert or relate to other claims under Section 727, Kane need not and does not respond to them.

## AFFIRMATIVE DEFENSES

As and for his first affirmative defense, Kane alleges that Plaintiff's Complaint and each of its claims for relief fail to state a claim upon which relief can be granted.

As and for his second affirmative defense, Kane alleges that Plaintiff is not entitled to any recovery due to the doctrine of unclean hands.

As and for his third affirmative defense, Kane alleges public policy bars Plaintiff from any recovery for the alleged fraud, which allegations he denies.

As and for his fourth affirmative defense, Kane alleges that Plaintiff is barred from recovery by the fact that any reliance was neither reasonable nor justifiable.

As and for his fifth affirmative defense, Kane alleges that Plaintiff is barred from recovery because she suffered no legally cognizable damages as a result of her alleged reliance on the alleged statements by Kane.

Wherefore, Defendant Evander Kane prays that Plaintiff take nothing by way of her complaint and that he be awarded costs of suit and such other and further relief as the court deems proper.

///

///

| | | |
|---|---|---|
| 1 | Dated September 9, 2021 | FINESTONE HAYES LLP |
| 2 | | |
| 3 | | /s/ Stephen D. Finestone |
| | | Stephen D. Finestone |
| 4 | | Attorneys for Evander Kane |

ANSWER TO COMPLAINT 6