

The following constitutes the order of the Court.
Signed: November 19, 2021

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **EVANDER FRANK KANE**, <br><br> Debtor. | Case No. 21-50028 SLJ <br> Chapter 7 |
| **HOPE PARKER**, <br><br> Plaintiff, <br><br> v. <br><br> **EVANDER FRANK KANE**, Debtor, <br><br> Defendant. | Adv. Proc. No. 21-5008 |
| **LONE SHARK HOLDINGS, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **EVANDER FRANK KANE**, Debtor, <br><br> Defendant. | Adv. Proc. No. 21-5010 |

ORDER ON SCHEDULING OF PENDING
ADVERSARY PROCEEDINGS 1/5

| | |
|---|---|
| **PROFESSIONAL BANK**, | Adv. Proc. No. 21-5013 |
| Plaintiff, | |
| v. | |
| **EVANDER FRANK KANE**, Debtor, | |
| Defendant. | |
| **SOUTH RIVER CAPITAL LLC**, | Adv. Proc. No. 21-5014 |
| Plaintiff, | |
| v. | |
| **EVANDER FRANK KANE**, Debtor, | |
| Defendant. | |
| **CENTENNIAL BANK**, | Adv. Proc. No. 21-5016 |
| Plaintiff, | |
| v. | |
| **EVANDER FRANK KANE**, Debtor, | |
| Defendant. | |

## ORDER ON SCHEDULING OF PENDING ADVERSARY PROCEEDINGS

I have reviewed the dockets in the following adversary proceedings: 21-5008 Hope Parker v. Kane; 21-5010 Lone Shark Holdings, LLC v. Kane; 21-5013 Professional Bank v. Kane; 21-5014 South River Capital LLC v. Kane; and 21-5016 Centennial Bank v. Kane.[1] To summarize these five proceedings, three allege that Debtor's debt is nondischargeable under a provision of § 523(a). In turn, two – 21-5008 and 21-5016 – allege that Debtor should not receive a discharge under provisions of § 727(a).

---

[1] These adversary proceedings are not joined, administratively or otherwise. I group them together here because there are at least some questions of law and fact common to all that make it administratively efficient to schedule them together.

ORDER ON SCHEDULING OF PENDING
ADVERSARY PROCEEDINGS 2/5

After reviewing the dockets, the activity in these cases, and conducting status conferences, I tentatively conclude it would be in the interests of judicial economy and the timely adjudication of disputes to move forward with the § 727(a) causes of actions while putting on hold the § 523(a) actions. If plaintiffs succeed on any of the § 727(a) causes of action, no purpose will be served by litigating the § 523(a) actions because the denial of any discharge would subsume the dischargeability of any specific debt.

My intention is to bifurcate the § 727(a)(5) claim in 21-5008 Parker v. Kane, and join it with the § 727(a) claims in 21-5016 Centennial Bank v. Kane (which include a § 727(a)(5) claim). I would then schedule that bifurcated and joined matter for discovery and trial. The plaintiffs in those proceedings (Parker and Centennial Bank) would be responsible for working together to prosecute their claims.

Pending that trial, I would place a litigation hold on non-§ 727(a) matters in 21-5008 Parker v. Kane, 21-5010 Lone Shark Holdings, LLC v. Kane, 21-5013 Professional Bank v. Kane, and 21-5014 South River Capital LLC v. Kane. I will permit any settlement or resolution of such matters but will bar discovery and other pre-trial matters. Stated another way, these matters will enter a dormant period.

I am aware that chapter 7 case trustee Fred Hjelmeset has until December 10, 2021 to file a complaint seeking to deny Debtor's discharge. ECF 237. This appears to be the last date to file such a proceeding.

For these reasons, it is hereby ordered that:

1. Hearings on all pending motions, status conferences, and other court matters for the adversary proceedings identified above are placed on hold for the time being. Hearing dates are vacated and will be reset as necessary once I have determined whether to proceed on the course discussed above. Matters that are not resolved will not be decided at present. Responsive pleadings are not required. The only appearances contemplated at present are set out in paragraphs 2 and 4;

2. The hearing on Centennial Bank's motion to strike Evander Kane's answer set for February 8, 2022 at 1:30 p.m. shall proceed as scheduled. Case no. 21-5016 ECF 21;

3. For the avoidance of confusion, I note the same does not apply to Professional Bank's motion to strike Evander Kane's answer. *See* Case no. 21-5013 ECF 51. I previously granted a motion to shorten time to hear that motion on December 7, 2021, but now conclude it better to vacate that hearing and stay any decision on that motion for the reasons discussed above;

4. On **January 20, 2022** at **2:30 p.m.**, the court will conduct a status conference in these cases and a hearing on the proposal outlined above; and

5. The parties are requested to file and serve separate statements in the adversary proceeding they are appearing in addressing this proposal by **January 13, 2022**. The failure to file a statement will be treated as consent.

IT IS SO ORDERED.

**END OF ORDER**

**COURT SERVICE LIST**

[ECF recipients only]