ANTHONY & PARTNERS, LLC
JOHN A. ANTHONY (FL SBN 0731013)
  janthony@anthonyandpartners.com
ANDREW J. GHEKAS (FL SBN 0119169)
*Both Appearing Pro Hac Vice*
aghekas@anthonyandpartners.com
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813.273.5616
Facsimile: 813.221.4113

NIESAR & VESTAL LLP
PETER C. CALIFANO (SBN 129043)
  pcalifano@nvlawllp.com
JOHN A. KELLEY (SPN 194073)
  jkelley@nvlawllp.com
90 New Montgomery St. 9th Floor
San Francisco, California 94105
Telephone: 415.882.5300
Facsimile: 415.882.5400

Attorneys for Plaintiff
CENTENNIAL BANK

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### [San Jose Division]

| | |
|---|---|
| In re | CASE NO. 21-50028 SLJ |
| EVANDER FRANK KANE,<br>                    Debtors. | Chapter 7 |
| HOPE PARKER,<br>                    Plaintiff,<br>v.<br>EVANDER KANE,<br>                    Defendant. | Adv. No. 21-5008 |
| CENTENNIAL BANK,<br>                    Plaintiff,<br>v.<br>EVANDER KANE,<br>                    Defendant. | Adv No. 21-05016<br><br>**JOINT PRE-TRIAL CONFERENCE STATEMENT**[1]<br><br>Date:    January 11, 2023<br>Time:    1:00pm<br>Judge:   Chief Judge Stephen L. Johnson<br>Place:   Courtroom 10<br>            280 South First Street<br>            San Jose, CA 95113 |

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

Plaintiffs, Centennial Bank ("Centennial") and Hope Parker ("Parker"), together with Defendant/Debtor, Evander Frank Kane ("Kane"), all of whom are collectively referred to herein as the "Parties," through their undersigned counsel of record herein, hereby submit this Joint Pre-Trial Conference Statement, pursuant to this Court's Trial Scheduling Order [Doc. 33] and Federal Rule of Bankruptcy Procedure 7016, and state as follows:

## I. THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF

The Parties agree that the Court should accept the following facts as true:

1. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

2. Venue in this district is proper under 28 U.S.C. § 1409(a).

3. This adversary proceeding was commenced pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

### A. Background

4. On January 9, 2021 (the "Petition Date"), Kane commenced Case No. 21-50028-SLJ (the "Bankruptcy Case") by the filing of his voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code.

5. Fred Hjelmest (the "Chapter 7 Trustee") is the duly appointed Chapter 7 trustee for Kane's bankruptcy estate.

6. Marta Villacorta (the "United States Trustee") is the duly appointed United States Trustee for Kane's bankruptcy case.

7. Kane is a professional ice hockey player.

8. Kane has played in the National Hockey League since 2009.

9. Kane is currently employed by the Edmonton Oilers.

10. From 2018 to 2021, including as of the Petition Date, Kane was employed by the San Jose Sharks.

11. From 2018 to 2021, including as of the Petition Date, Kane was a party to a "National Hockey League Standard Player's Contract" (the "Player's Contract") with the San Jose Sharks.

12. Kane took out loans with Centennial, Zions Bancorporation, and Professional Bank,

among others, that are debts in Kane's bankruptcy case. Kane testified that these loans were used to pay down some of the high interest loans he had previously taken out at several different institutions (collectively, the "High Interest Loans").

## B. Kane's Income

13. In 2015, Kane's gross wages as a professional ice hockey player were $3,900,794.

14. In 2016, Kane's gross wages as a professional ice hockey player were $4,964,401.73.

15. In 2018, Kane's gross wages as a professional ice hockey player were $8,385,540.

16. In 2019, Kane's gross wages as a professional ice hockey player were $6,832,529.

17. Kane estimated his gross wages as a professional ice hockey player for 2020 to be $7,000,000 according to his disclosure in his Statement of Financial Affairs.

## C. Kane's Schedules and Statement of Financial Affairs

18. Kane's Petition stated that his debts are "primarily business debts."

19. Kane signed his Petition "under penalty of perjury that the information provided is true and correct."

20. Kane disclosed a total of $2,150,000 in unsecured debt from six (6) individuals: Davis Sanchez, Hebron Shyng, Mike Lispti, Pete Gianakas, Raj Banghu, and Tony Veltri (collectively, the "Individual Loans").

21. Kane disclosed estimated gambling losses of $1,500,000 for the year 2020.

## D. Kane's 341 Meeting of Creditors, 2004 Examination, and Deposition

22. Kane appeared with counsel, via telephone, at the meeting of creditors 11 U.S.C. § 341(a) on February 3, 2021 (the "First Meeting"), the first date set for the meeting of creditors.  The First Meeting was then continued to February 23, 2021 (the "Second Meeting") so Kane could provide additional documentation.

23. Kane appeared with counsel, via Zoom, to his 2004 Examination on March 24, 2021 (the "2004 Examination"), pursuant to the "Order Approving Stipulation Regarding Centennial Bank Rule 2004 Examination."

24. Kane appeared with counsel, via Zoom, to his deposition (the "Deposition") on July 6, 2022.

**E. Discovery Requests and Responses**

25. On January 14, 2022, Kane provided "Defendant's Responses to Plaintiff's First Request for Production of Documents" (the "Initial Production Responses"), "Defendant's Responses to Plaintiff's First Request for Admission" (the "Initial Admissions"), and "Defendant's Responses to Plaintiff's First Set of Interrogatories" (the "Initial Interrogatory Responses").

26. The Initial Interrogatory Responses were verified by Kane on January 12, 2022.

27. On February 28, 2022, Kane provided "Defendant's Amended Responses to Plaintiff's First Request for Production") (the "Amended Production Responses").

28. Via subpoenas served on Sure Sports, LLC and the lending entities, Kane and Centennial received documentation of loans obtained by Kane going back to 2014. Centennial received copies of the documents and questioned Kane about them in his deposition.

29. On or about May 14, 2014, Kane entered into a lending relationship with Capital Financial Partners, LLC for $600,000.

   a. Kane received $562,500 of the $600,000 loan.

30. On or about June 20, 2014, Kane entered into a lending agreement with American Bank for $1,000,000.

   a. Kane received $261.429.36 of the $1,000,000 loan

31. On or about July 15, 2015, Kane entered into a lending agreement with East West Bank for $1,750,000.

   a. Kane received $736,948.50 of the $1,750,000 loan.

32. On or about August 30, 2015, Kane entered into a lending agreement with Tenacity 7401 New Hampshire, LLC for $500,000.

33. On or about September 11, 2015, Kane entered into a lending agreement with East West Bank for $550,000.

34. On or about January 23, 2016, Kane entered into a lending agreement with Thrivest Specialty Funding LLC for $3,300,000.

a. Kane received $931,549 on the loan proceeds with Thrivest.

35. On or about July 6, 2016, Kane entered into a lending agreement with Now Playing for $50,000.

    a. Kane received approximately $30,809 in net proceeds from Now Playing.

36. On or about July 7, 2016, Kane entered into a lending agreement with SCL-D, LLC for $200,000.

    a. Kane received approximately $133,000 in net loan proceeds from SCL-D, LLC.

37. On or about October 6, 2016, Kane entered into a lending agreement with DeAngelo Vehicle Services, LLC for $4,150,000.

    a. Kane received $242,271 in new loan proceeds from this loan from DeAngelo Vehicle Services, LLC.

38. On or about December 23, 2016, Kane entered into a second lending agreement with DeAngelo Vehicle Services LLC for $580,000.

39. On or about March 3, 2017, Kane entered into a second lending agreement with Thrivest Specialty Funding, LLC for $1,975,000.

40. On or about April 6, 2017, Kane entered into a third lending agreement with Thrivest Specialty Funding, LLC for $1,225,000.

    a. Kane received $610,830.40 in net proceeds from this third loan from Thrivest Specialty Funding, LLC.

41. On or about June 20, 2017, Kane entered into a lending agreement with East West Bank for $2,000,000.

42. On or about July 5, 2017, Kane entered into a lending agreement with Seven Isles Capital, LLC for $3,550,000.

43. On or about July 5, 2018, Kane entered into a fourth lending agreement with Thrivest Specialty Funding LLC for $3,000,000.

    a. Kane received $300,655.50 in net loan proceeds from this fourth loan from Thrivest Specialty Funding, LLC.

44. On or about September 28, 2017, Kane entered into a fifth lending agreement with Thrivest Specialty Funding LLC for $4,850,000.

    a. Kane received $721,807.89 in net loan proceeds from this fifth loan from Thrivest Specialty Funding, LLC.

45. On or about December 18, 2017, Kane, through an entity referred to as Kane Financial LLC, entered into a lending agreement with Democracy Capital Corporation in the amount of $1,250,000.

46. On or about March 22, 2018, Kane entered into a loan agreement with South River Capital in the amount of $1,850,000.

    a. Kane received $554,675 in new loan proceeds from this loan from South River Capital.

47. On or about August 9, 2018, Kane entered into a loan agreement with Zions Bancorporation, N.A. *dba* California Bank & Trust, for $4,250,000.

48. On or about September 5, 2018, Kane entered into a loan agreement with Centennial Bank for $3,900,000.

49. On or about October 17, 2018, Kane entered into a second loan agreement with Centennial Bank for an increase of $2,000,000.

50. On or about December 28, 2018, Kane entered into a loan agreement with Thrivest Specialty Funding, LLC for an increase of approximately $405,000.

51. On or about February 28, 2019, Kane entered into a third loan agreement with Centennial Bank for an increase of approximately $715,000.

52. On or about August 26, 2019, Kane entered into a loan agreement with Professional Bank for $1,500,000.

53. On or about April 30, 2019, Kane entered into a fourth loan agreement with Centennial Bank for an increase of approximately $2,460,000.

54. On or about May 11, 2019, Kane entered into a loan agreement with South River Capital, LLC for $600,000.

## II. THE FOLLOWING ISSUES OF FACT, AND NO OTHERS, REMAIN TO BE LITIGATED

1. Whether Kane kept, maintained, and preserved documentation regarding his receipt and disposition of loan funds he received from the High Interest Loans.

2. What explanation Kane can offer regarding the purpose and use of the loan proceeds he received from the High Interest Loans and whether or not the same is sufficient.

3. Whether Kane kept, maintained, and preserved documents supporting his receipt and disposition of loan funds Kane received from the Individual Lenders.

4. What explanation Kane can offer regarding the purpose and use of the loan proceeds he received from the Individual Lenders and whether or not the same is sufficient.

5. Whether Kane was required to create or maintain a personal ledger documenting his receipt and use of various loan proceeds he received from various third-parties from 2015 to 2021.

6. Whether Kane incurred the debt from Centennial to obtain money for a business or investment or through the operation of a business or investment, and whether it is relevant to his ability to obtain a discharge.

7. Whether Kane incurred the debt from Centennial for any non-consumer purposes and whether it is relevant to his ability to obtain a discharge.

8. Whether Kane incurred the debt from Zions to obtain money for a business or investment or through the operation of a business or investment, and whether it is relevant to his ability to obtain a discharge.

9. Whether Kane incurred the debt from Zions for any non-consumer purposes and whether it is relevant to his ability to obtain a discharge.

10. Whether Kane incurred the debt from Professional Bank to obtain money for a business or investment or through the operation of a business or investment, and whether it is relevant to his ability to obtain a discharge.

11. Whether Kane incurred the debt from Professional Bank for any non-consumer purposes and whether it is relevant to his ability to obtain a discharge.

12. Whether Kane incurred the debt from South River to obtain money for a business

or investment or through the operation of a business or investment, and whether it is relevant to his ability to obtain a discharge.

13. Whether Kane incurred the debt from South River for any non-consumer purposes and whether it is relevant to his ability to obtain a discharge.

14. Whether Kane incurred the debt from Individual Lenders to obtain money for a business or investment or through the operation of a business or investment, and whether it is relevant to his ability to obtain a discharge.

15. Whether Kane incurred the debt from Individual Lenders for any non-consumer purposes and whether it is relevant to his ability to obtain a discharge.

16. Whether Kane kept, maintained, or preserved appropriate documents and records to allow creditors to reasonably ascertain his financial condition.

17. Whether Kane appropriately documented his wins and losses pertaining to his gambling.

18. Whether Kane kept, maintained, and preserved documents and records relating to his gambling.

19. Whether Kane kept, maintained, and preserved documents, records, or bank statements associated with his various bank accounts and credit cards for a reasonable period of time pre-petition.

20. What explanation Kane can offer for the deposits and withdrawals in and out of his various accounts and credit card statements from 2019 to 2020.

21. Whether Kane owned an interest in real property located at 8488 Cornish St., Unit 902, in Vancouver, British Columbia, Canada (the "70th and Granville Property") at the time of filing his bankruptcy or within the year prior to his bankruptcy filing.

22. If Kane owned an interest in the 70th and Granville Property, whether he transferred it within one year prior to Petition Date.

23. If Kane transferred an interest in the 70th and Granville Property within one year prior to the Petition Date, what intent motivated such transfer.

24. Whether Kane kept, maintained, and preserved recorded information from which his

financial condition and business transactions might be ascertained.

25. What recorded information Kane was required to keep, in light of the factors and circumstances of the case.

26. Whether Kane's debts are "primarily business debts", as defined on the Petition, and what knowledge and intent motivated such statement on his Petition.

27. Whether Kane's debts are "primarily consumer debts."

28. If Kane owned an interest in the 70th and Granville Property, what knowledge and intent motivated Kane's failure to list the 70th and Granville Property on his Schedules.

29. Whether Kane's reported Schedule J monthly expense of $15,000 in payments that he makes to support his mother, father, grandmother, and uncles should have also been listed in Kane's Statement of Financial Affairs as payments to insiders within one year prior to the Petition Date, and what knowledge and intent motivated Kane's reporting of such payments.

30. What Kane's Schedule I income was as of the Petition Date, and what knowledge and intent motivated Kane's reporting of his monthly income.

31. What explanation Kane has provided regarding any loss of assets or deficiency of assets to meet his liabilities.

### III. THE FOLLOWING ISSUES OF LAW, AND NO OTHERS, REMAIN TO BE LITIGATED

1. If Kane owned an interest in the 70th and Granville Property, whether under § 727(a)(2) Kane, with intent to hinder, delay, or defraud a creditor or an officer of the estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, the 70th and Granville Property, within one year before the Petition Date.

2. Whether Kane concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which his financial condition and business transactions might be ascertained under § 727(a)(3).

3. Whether Kane was required to maintain and preserve records for at least six (6) years

pre-Petition Date.

4. Whether Kane failed to maintain or preserve certain books and records regarding his financial affairs for purposes of § 727(a)(3) claim or was justified in any such failure.

5. Whether under § 727(a)(4) Kane knowingly and fraudulently, in or in connection with the case, made a false oath or account in his Petition in identifying his debts as "primarily business debts."

6. If Kane owned an interest in the 70th and Granville Property, whether under § 727(a)(4) Kane knowingly and fraudulently, in or in connection with the case, made a false oath or account by failing to list it in his Schedules and/or by omitting any related transfers of the 70th and Granville Property from his Statement of Financial Affairs.

7. Whether under Section § 727(a)(4) Kane knowingly and fraudulently, in or in connection with the case, made a false oath or account in his Schedules and Statement of Financial Affairs, as amended, in affirming that he had identified all of his property.

8. Whether under § 727(a)(4) Kane knowingly and fraudulently, in or in connection with the case, made a false oath or account by failing to list in his Statement of Financial Affairs certain transfers that he made to insiders within one year prior to the Petition Date, despite listing in Schedule J a monthly expense of $15,000 in payments that the Debtor makes to support his mother, father, grandmother, and uncles.

9. Whether under § 727(a)(4) Kane knowingly and fraudulently, in or in connection with the case, made a false oath or account in his Schedules and Statement of Financial Affairs, as amended, in affirming that his income was $0.

10. Whether Kane has failed to explain satisfactorily any loss of identified assets or deficiency of assets to meet Kane's liabilities, for purposes of the § 727(a)(5) claims.

## IV. THE APPROPRIATE MEASURE OF DAMAGES IS

Not Applicable.  No damages are requested by either Centennial or Parker in their respective Adversary Complaints.  Instead, each of the Plaintiffs seeks an order denying Kane a discharge pursuant to 11 U.S.C. § 727(a).

## V. THE PARTIES HAVE EXCHANGED LIST OF WITNESSES TO BE CALLED AT TRIAL

On December 8, 2022, the Parties exchanged their respective Witness Lists.

Centennial's Witness List is Attached hereto as Exhibit "D."

Kane's Witness List is Attached hereto as Exhibit "E."

Parker's Witness List is Attached hereto as Exhibit "F."

## VI. THE PARTIES HAVE EXCHANGED ALL OTHER NON-TESTIMONIAL EVIDENCE TO BE USED AT TRIAL

On December 8, 2022, the Parties exchanged their respective Exhibit Lists.

## VII. THE PARTIES HAVE STIPULATED TO THE ADMISSION OF THE FOLLOWING DOCUMENTS FOR ALL PURPOSES

Centennial's Exhibit List is Attached hereto as Exhibit "A."

Kane's Exhibit List is Attached hereto as Exhibit "B."

Parker's Exhibit List is Attached hereto as Exhibit "C."

## VIII. THE PARTIES HAVE OBJECTIONS TO THE FOLLOWING DOCUMENTS

Centennial has provisionally objected to several documents on Kane's Exhibit List.  Parties are discussing a possible resolution.

## IX. OHER MATTERS THAT MIGHT AFFECT THE TRIAL

Not applicable.

DATED: January 6, 2023                    ANTHONY & PARTNERS, LLC


By:        _/s/ Andrew J. Ghekas_
                Andrew J. Ghekas
                Attorneys for Plaintiff
                CENTENNIAL BANK

| | |
|---|---|
| 1 | DATED: January 6, 2023 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | DATED: January 6, 2023 |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | DATED: January 6, 2023 |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

DATED: January 6, 2023          NIESAR & VESTAL LLP


By:        */s/ Peter C. Califano*
          Peter C. Califano
          Attorneys for Plaintiff
          CENTENNIAL BANK

DATED: January 6, 2023          FINESTONE HAYES LLP


By:        */s/ Stephen D. Finestone*
          Stephen D. Finestone
          Attorneys for Defendant
          EVANDER KANE

DATED: January 6, 2023          J. LEWIS & ASSOCIATES, APLC


By:        */s/ Jonathan J. Lewis*
          Jonathan J. Lewis
          Attorney for Plaintiff
          HOPE PARKER

Exhibit A

## CENTENNIAL'S TRIAL EXHIBIT LIST

| Exhibit # | Description | Bates # | Objection |
|---|---|---|---|
| 1. | Voluntary Petition for Individuals Filing for Bankruptcy | [Bk. Doc. 1] | |
| 2. | Amended Schedule A/B w/ Accompanying Declaration | [Bk. Doc. 17] | |
| 3. | Amended Schedules D and Schedule E/F w/ Accompanying Declaration | [Bk. Doc. 18] | |
| 4. | Amended Statement of Financial Affairs for Individuals Filing for Bankruptcy | [Bk. Doc. 19] | |
| 5. | Second Amended Statement of Financial Affairs for Individuals Filing for Bankruptcy | [Bk. Doc. 29] | |
| 6. | Amended Schedules A/B and Schedule J w/ Accompanying Declaration | [Bk. Doc. 30] | |
| 7. | Amended Schedule A/B and Schedule C w/ Accompanying Declaration | [Bk. Doc. 37] | |
| 8. | Amended Schedules A/B w/ Accompanying Declaration | [Bk. Doc. 272] | |
| 9. | Declaration of Evander Kane in Support of Debtor's Opposition to Motion to Convert an for Appointment of Chapter 11 Trustee | [Bk. Doc. 65-1] | |
| 10. | Declaration of Evander Kane in Support of Debtor's Opposition to Motion to Dismiss | [Bk. Doc. 121] | |
| 11. | Centennial Proof of Claim, as amended | [POC 5] | |
| 12. | Amended Complaint to Determine Nondischargeability of Debt Pursuant to: 11 U.S.C. §523(a)(2)(A); and 11 U.S.C. §§727(a)(2)-(a)(5) | [Adv. Doc. 28] | |
| 13. | Answer to Fist Amended Complaint | [Adv. Doc. 29] | |
| 14. | Defendant's Responses to Plaintiff's First Request for Admission | | |
| 15. | Defendant's Responses to Plaintiff's First Set of Interrogatories | | |
| 16. | Defendant's Amended Responses to Plaintiff's First Request for Production of Document | | |

| | | | |
|---|---|---|---|
| 17. | Defendant's Responses to Plaintiff's Second Set of Interrogatories | | |
| 18. | February 10, 2022 Correspondence from S. Finestone to A. Ghekas Re: Centennial Bank v. Evander Frank Kane, Adv. Proc. No. 21-05016, In re Evander Frank Kane, Case No. 21-50028 | | |
| 19. | January 21, 2022, E-mail Correspondence from R. Witthans to A.Ghekas Re Kane: Documents Responsive to Centennial RFP | | |
| 20. | March 14, 2022, March 9, 2022, March 3, 2022, E-mail Correspondence to/from R. Witthans & A. Ghekas Re Kane: Amended/Supplemented Response to Centennial RFP | | |
| 21. | Bank Statements – RBC -0532 for Sep. 12, 2019 thru Jan. 10, 2020 | Kane.CB-004531; Kane.CB-004527-28; Kane.CB-004523-24; Kane.CB-004519-20 | |
| 22. | Bank Statements – RBC -0532 for Jan. 10, 2020 thru Jan. 12, 2021 | EK000851-852; EK000872-873; EK000832-833; EK000877-878; EK000868; EK000863-864; EK000837; EK000893; EK000887-888; EK000883-884; EK000847-848; EK000858-859 | |
| 23. | Bank Statements – RBC -5955 for Sep. 12, 2019 thru Jan. 10, 2020 | Kane.CB-004532-33; Kane.CB-004529-30; Kane.CB-004525-26; Kane.CB-004521-22 | |
| 24. | Bank Statements – RBC -5955 for Jan. 10, 2020 thru Jan. 12, 2021 | EK000860-862; EK000874-876; EK000834-836; | |

Case: 21-05008   Doc# 26   Filed: 01/06/23   Entered: 01/06/23 22:58:31   Page 15 of 36

| | | EK000879-882;<br>EK000869-871;<br>EK000865-867;<br>EK000838-839;<br>EK000894-896;<br>EK000889-892;<br>EK000885-886;<br>EK000849-850;<br>EK000856-857 | |
|---|---|---|---|
| 25. | Bank Statements – Wells Fargo -1607 for Jan. 1, 2020 thru Jan. 31, 2021 | EK000089-94;<br>EK000074-79;<br>EK000134-139;<br>EK000039-41;<br>EK000147-151;<br>EK000121-126;<br>EK000107-111;<br>EK000053-57;<br>EK000182-188;<br>EK000172-178;<br>EK000161-166;<br>EK000064-70;<br>EK000100-104 | |
| 26. | Credit Card Statements – Wells Fargo -2528 for:<br>Jan 2020 to Jan 31, 2021 | EK000095-97;<br>EK000080-82;<br>EK000140-142;<br>EK000042-44;<br>EK000152-154;<br>EK000127-129;<br>EK000112-114;<br>EK000058-60;<br>EK000189-191;<br>EK000179-181;<br>EK000167-169;<br>EK000071-73;<br>EK000104-106 | |
| 27. | Bank Statements – Scotiabank -28 for Jan. 1, 2019 thru Dec. 31, 2019 | Kane.CB-004534-004553; Kane.CB-004482-83;<br>Kane.CB-004438-39;<br>Kane.CB-004412-13;<br>Kane.CB-004318-19 | |

Case: 21-05008    Doc# 26    Filed: 01/06/23    Entered: 01/06/23 22:58:31    Page 16 of 36

| 28. | Bank Statements – Scotiabank -28 for Jan. 1, 2020 thru Jan. 30, 2021 | EK000098-99; EK000083-84; EK000145-146; EK000047-48; EK000157-158; EK000132-133; EK000119-120; EK000051-52; Kane.CB-004486-004487; EK001010-1011; EK001006-1007; EK000976-977; EK000087-88 | |
| --- | --- | --- | --- |
| 29. | Bank Statements – Scotiabank -87 for Jan. 1, 2019 thru Dec. 31, 2019 | Kane.CB-004554-67; Kane.CB-004484-85; Kane.CB-004440-41; Kane.CB-004414-15; Kane.CB-004320-21 | |
| 30. | Bank Statements – Scotiabank -87 for Jan. 1, 2020 thru Jan. 30, 2021 (missing February 2020) | Kane.CB-004380-004381; EK000143-144; EK000045-46; EK000155-156; EK000130-131; EK000115-116; EK000049-50; EK000192-193; EK000170-171; EK000159-160; EK000062-63; EK000085-86 | |
| 31. | Credit Card Statement – RBC -4741 for June 26 to July 27, 2020; July 28 to Aug 25, 2020; Sep 26 to Oct 26, 2020; Oct 27 to Nov 25, 2020; Nov 26 to Dec 29, 2020 | EK000843; EK000840; EK000846; EK000844-45; EK000841-42 | |
| 32. | Credit Card Statement – AmEx – Wells Fargo – 64004 for: | Kane.CB-004442-57; Kane.CB-004416-33; | |

4

| | | | |
|---|---|---|---|
| | Sep 6 to Oct 6, 2020;<br>Oct 7 to Nov 6, 2020;<br>Nov 6 to Dec 6, 2020 | Kane.CB-004322-45 | |
| 33. | Bank Statements – BOA – 0171 for:<br>Aug 22 to Sep 19, 2019;<br>Sep 20 to Oct 22, 2019;<br>Oct 23 to Nov 19, 2019;<br>Dec 20 to Jan 22, 2020 | Kane.CB-004263-66;<br>Kane.CB-004251-54;<br>Kane.CB-004239-42;<br>Kane.CB-004382-85 | |
| 34. | Bank Statements – BOA – 0171 for:<br>Dec. 20 2019 to Jan 22, 2020;<br>Jan 23 to Feb 19, 2020;<br>Feb 20 to Mar 20, 2020;<br>Mar 21 to Apr 21, 2020;<br>Apr 22 to May 19, 2020;<br>May 20 to Jun 19, 2020;<br>Jun 20 to July 22, 2020;<br>July 23 to Aug 20, 2020;<br>Aug 21 to Sep 21, 2020;<br>Sep 22 to Oct 21, 2020;<br>Oct 22 to Nov 18, 2020;<br>Nov 19 to Dec 21, 2020;<br>Dec 22 to Jan 20, 2021; | Kane.CB-004382-85;<br>Kane.CB-004352-55;<br>Kane.CB-004398-4403; Kane.CB-004301-04;<br>Kane.CB-004404-07;<br>Kane.CB-004390-93;<br>Kane.CB-004386-89;<br>EK000236-239;<br>Kane.CB-004267-72;<br>EK000248-251;<br>EK000244-247;<br>EK000240-243;<br>Kane.CB-004231-34 | |
| 35. | Loan Docs – Capital Financial Partners LLC - $600K – May 2014 | NO BATES | |
| 36. | Sure Sports Closing Statement – Capital Financial Partners LLC - $600K – May 14, 2014 | NO BATES | |
| 37. | Loan Docs – American Bank - $1MM - June 20, 2014 | NO BATES | |
| 38. | Loan Docs – East West Bank - $1.750MM – July 15, 2015 | NO BATES | |
| 39. | Sure Sports Closing Statement – East West Bank - $1.750MM – July 23, 2015 | NO BATES | |
| 40. | Loan Docs – Tenacity 7401 New Hampshire LLC - $500K – Aug. 28, 2015 | NO BATES | |
| 41. | Sure Sports Closing Statement – Tenacity - $500K – Aug 2015 | NO BATES | |

| | | | |
|---|---|---|---|
| 42. | Loan Docs – East West Bank - $550K – Sep 1, 2015 | NO BATES | |
| 43. | Sure Sports Closing Statement – East West Bank - $550K – Sep 11 2015 | NO BATES | |
| 44. | Loan Docs – Thrivest Specialty Funding LLC - $3.3MM – Jan 21, 2016 | NO BATES | |
| 45. | Sure Sports Closing Statement – Thrivest LLC - $3.3MM – Jan 23, 2016 | NO BATES | |
| 46. | Loan Docs – Now Playing, LLC - $50K – July 6, 2016 | NO BATES | |
| 47. | Sure Sports Closing Statement – Now Playing - $50K – July 6, 2016 | NO BATES | |
| 48. | Loan Docs – SCL-D, LLC - $200K – July 7, 2016 | NO BATES | |
| 49. | Sure Sports Closing Statement – SCL-D-LLC - $200K – July 7, 2016 | NO BATES | |
| 50. | Loan Docs – DeAngelo Vehicle Sales, LLC - $4.150MM – Oct 6, 2016 | NO BATES | |
| 51. | Sure Sports Closing Statement – DeAngelo Vehicle Sales LLC - $4.150MM – Oct 6, 2016 | NO BATES | |
| 52. | Loan Docs – DeAngelo Vehicle Sales, LLC - $580K – Dec 23, 2016 | NO BATES | |
| 53. | Sure Sports Closing Statement – DeAngelo Vehicle Sales LLC - $580K – Dec 23, 2016 | NO BATES | |
| 54. | Loan Docs – Thrivest Specialty Funding LLC - $1.975MM – Mar 2, 2017 | NO BATES | |
| 55. | Sure Sports Closing Statement – Thrivest - $1.975MM – Mar 3, 2017 | NO BATES | |
| 56. | Loan Docs – Thrivest Specialty Funding LLC - $1.225MM – Apr 6, 2017 | NO BATES | |
| 57. | Sure Sports Closing Statement – Thrivest - $1.225MM – Apr 7, 2017 | NO BATES | |
| 58. | Loan Docs – East West Bank - $2MM – June 20, 2017 | NO BATES | |
| 59. | Sure Sports Closing Statement – East West Bank - $2MM – July 5, 2017 | NO BATES | |

6

| | | | |
|---|---|---|---|
| 60. | Loan Docs – Seven Isles Capital LLC - $3.550MM – July 5, 2017 | NO BATES | |
| 61. | Sure Sports Closing Statement – Seven Isles Capital - $3.55MM – July 5, 2017 | NO BATES | |
| 62. | Loan Docs – Thrivest Specialty Funding, LLC - $3MM – July 5, 2017 | NO BATES | |
| 63. | Sure Sports Closing Statement – Thrivest - $3MM – July 5, 2017 | NO BATES | |
| 64. | Loan Docs – Thrivest Specialty Funding, LLC - $4.850MM – Sep 28, 2017 | NO BATES | |
| 65. | Sure Sports Closing Statement – Thrivest - $4.850MM – Oct 2, 2017 | NO BATES | |
| 66. | Loan Docs – Democracy Capital Corporation - $1.250MM – Dec. 18, 2017 | NO BATES | |
| 67. | Sure Sports Closing Statement – Democracy Capital Corporation - $1.250MM – Dec 18, 2017 | NO BATES | |
| 68. | Loan Docs – South River Capital LLC - $1.850MM – Mar 22, 2018 | NO BATES | |
| 69. | Sure Sports Closing Statement – South River Capital - $1.85MM – Mar 22, 2018 | NO BATES | |
| 70. | Loan Docs – Zions Bancorporation/California Bank & Trust - $4.250MM – Aug 9, 2018 | NO BATES | |
| 71. | Sure Sports Closing Statement – California Bank & Trust - $4.25MM – Aug 17, 2018 | NO BATES | |
| 72. | Loan Docs – Centennial Bank - $3.9MM – Sep 5, 2018 | | |
| 73. | Sure Sports Closing Statement – Centennial Bank - $3.9MM – Sep 5, 2018 | | |
| 74. | Loan Docs – Centennial Bank - $2MM – Oct 17, 2018 | | |
| 75. | Sure Sports Closing Statement – Centennial Bank - $2MM – Oct 17, 2018 | | |

| | | | |
|---|---|---|---|
| 76. | Loan Docs – Thrivest Specialty Funding d/b/a Balanced Bridge Funding - $405K – Dec 28, 2018 | NO BATES | |
| 77. | Sure Sports Closing Statement – Thrivest d/b/a BBF - $405K – Dec 30, 2018 | NO BATES | |
| 78. | Loan Docs – Centennial Bank - $715K – Feb 28, 2019 | | |
| 79. | Sure Sports Closing Statement – Centennial Bank - $715K – Feb 28, 2019 | | |
| 80. | Loan Docs – Professional Bank - $1.5MM – Mar 26, 2019 | NO BATES | |
| 81. | Sure Sports Closing Statement – Professional Bank - $1.5MM – Mar 26, 2019 | NO BATES | |
| 82. | Loan Docs – Centennial Bank - $2.46MM – Apr 30, 2019 | | |
| 83. | Sure Sports Closing Statement – Centennial Bank - $2.46MM – Apr 30, 2019 | | |
| 84. | Loan Docs - South River Capital LLC - $600K – May 11, 2019 | [POC 4] | |
| 85. | Standard Player's Contract – w/ San Jose Sharks – Dated May 25, 2018 | Cent_Prod_000044-62 | |
| 86. | 2013 Tax Return (CA) | KANE000057-73 (rec from Thrivest) | |
| 87. | 2013 Tax Return (US) | KANE000074-96 | |
| 88. | 2014 Tax Return (CA) | KANE000028-44 | |
| 89. | 2014 Tax Return (US) | KANE000045-56 | |
| 90. | 2015 Tax Return (US) | SIC-0360-0401 | |
| 91. | 2016 W-2 | SIC-0353-0359 | |
| 92. | 2018 Tax Return (US) | EK000228-235 | |
| 93. | 2019 Tax Return (US) | EK000001-35 | |
| 94. | December 20-22, 2020 E-mail Correspondence between B. Smith and J. Fiero re Meet & Confer | Kane.CB-000630-632 | |
| 95. | January 27, 2020 E-mail Correspondence between B. Smith and J. Fiero re Attention Payment | Kane.CB-000882-884 | |

8

| | | | |
|---|---|---|---|
| 96. | Defendant Evander Kane's Responses to Plaintiff Centennial Bank's Special Interrogatories (Set One) served in Case No: 20CV364167 | | |
| 97. | Defendant Evander Kane's Response to Form Interrogatories served in Case No: 20CV364167 | | |
| 98. | Defendant's Responses to Plaintiff Centennial Bank's Requests for Admission to Defendant Evander Frank Kane (Set One) served in Case No: 20CV364167 | | |
| 99. | Transcript – 341 Meeting of Creditors – February 3, 2021 in Case No. 21-50028 | | |
| 100. | Transcript – Cont. 341 Meeting of Creditors – February 23, 2021 in Case No. 21-50028 | | |
| 101. | Transcript – 2004 Examination of Evander Frank Kane – March 24, 2021 in Case No. 21-50028 | | |
| 102. | Transcript – Deposition of Evander Frank Kane – July 6, 2022 in Case No. 21-AP-05016 | | |
| 103. | Loan Offering Memorandum - $3.9MM – Centennial Bank – Aug. 16, 2018 | Cent_Prod_000204-217 | |
| 104. | Loan Offering Memorandum - $2MM – Centennial Bank – Oct. 11, 2018 | Cent_Prod_000274-286 | |
| 105. | Loan Offering Memorandum - $2.46MM – Centennial Bank - | Cent_Prod_000337-0347 | |
| 106. | Loan Offering Memorandum - $716K – Centennial Bank - | Cent_Prod_000600-611 | |
| 107. | Financial Statement Certification w/ Personal Financial Statement | Cent_Prod_001010-1015 | |
| 108. | Personal Financial Statement – California Bank & Trust | Cent_Prod_001263-1265 | |
| 109. | E-mail Correspondence – April 8, 2019 – Professional Bank and SureSports | NO BATES [Ex 11 to Depo] | |

9

| | | | |
|---|---|---|---|
| 110. | E-mail Correspondence – March 26, 2019 – Professional Bank and SureSports | NO BATES [Ex 10 to Depo] | |
| 111. | E-mail Correspondence – Dec 28, 2018 – SureSports and Balanced Bridge Financing | NO BATES [Ex. 45 to Depo] | |
| 112. | Any exhibits listed on Evander Kane's exhibit list | | |
| 113. | Any exhibits listed on Hope Parker's exhibit list | | |
| 114. | Any exhibits necessary for rebuttal | | |
| 115. | Any exhibits necessary for impeachment | | |

Exhibit B

| Ex. | Description | Objection |
|-----|-------------|-----------|
| A | Voluntary Chapter 7 Bankruptcy Petition, main case ECF 1 | |
| B | Amended Schedule A/B (January 31, 2021), main case ECF 17 | |
| C | Amended Schedules D and E/F (January 31, 2021), main case ECF 18 | |
| D | Amended Schedules A/B and J (February 19, 2021), main case ECF 30 | |
| E | Amended Schedules A/B and C (February 26, 2021), main case ECF 37 | |
| F | Amended Schedule A/B (July 13, 2022), main case ECF 272 | |
| G | Centennial closing statement re original loan (September 5, 2018) | |
| H | Sure Sports letter re original Centennial loan (September 5, 2018) | |
| I | Centennial closing statement re first amendment to loan (October 17, 2018) | |
| J | Sure Sports letter re first amendment to Centennial loan (October 17, 2018) | |
| K | Centennial closing statement re second amendment to loan (February 28, 2019) | |
| L | Sure Sports letter re second amendment to Centennial loan (February 28, 2019) | |
| M | Centennial closing statement re third amendment to loan (April 30, 2019) | |
| N | Sure Sports letter re third amendment to Centennial loan (April 30, 2019) | |
| O | Sure Sports letter re first Thrivest loan (January 23, 2016) | |
| P | Thrivest loan documents for first loan (January 26, 2016) | |
| Q | Sure Sports letter re second Thrivest loan (March 3, 2017) | |
| R | Thrivest loan documents for second loan (March 2, 2017) | |
| S | Sure Sports letter re third Thrivest loan (April 7, 2017) | |
| T | Thrivest loan documents for third loan (April 6, 2017) | |
| U | Sure Sports letter re fourth Thrivest loan (July 5, 2017) | |
| V | Thrivest loan documents for fourth loan (July 5, 2017) | |
| W | Sure Sports letter re fifth Thrivest loan (October 2, 2017) | |
| X | Thrivest loan documents for fifth loan (September 28, 2017) | |
| Y | Sure Sports letter re sixth Thrivest loan (December 30, 2018) | |
| Z | Thrivest loan documents for sixth loan (December 18, 2018) | |
| AA | Capital Financial Partners $600k loan documents (May 2014) | |
| BB | American Bank $1M loan closing memo (June 20, 2014) | |
| CC | Sure Sports letter re Tenacity $500k loan (August 2015) | |

| | | |
|---|---|---|
| DD | Tenacity $500k loan closing memo (August 28, 2015) | |
| EE | East West Bank $1.75M loan documents (July 15, 2015) | |
| FF | Sure Sports letter re East West Bank $550k loan (September 12, 2015) | |
| GG | Sure Sports letter re Thrivest $3.3M loan (January 27, 2016) | Not Previously Produced |
| HH | Now Playing $50k loan documents (July 6, 2016) | |
| II | Sure Sports letter re SCL-D $200k loan (July 7, 2016) | |
| JJ | SCL-D $200k closing memo (July 2016) | |
| KK | DeAngelo Vehicle Sales $4.15M loan documents (October 6, 2016) | |
| LL | DeAngelo Vehicle Sales $580k loan documents (December 23, 2016) | |
| MM | Sure Sports letter re East West Bank $2M loan (July 5, 2017) | |
| NN | Sure Sports letter re Seven Isles Capital $3.55M loan with closing memo (July 5, 2017) | |
| OO | Democracy Capital $1.25M loan (December 18, 2017) | |
| PP | Sure Sports letter re South River $1.85M loan (March 22, 2018) | |
| QQ | South River $1.85M loan closing memo (March 22, 2018) | |
| RR | Sure Sports letter re Zions/California Bank & Trust $4.25M loan (August 17, 2018) | |
| SS | Zions/California Bank & Trust proof of claim | |
| TT | Sure Sports letter re Professional Bank $1.5M loan (March 26, 2019) | |
| UU | Professional Bank $1.5M loan closing memo (March 26, 2019) | |
| VV | 70 Granville Property purchase contract (May 11, 2012) | Not Previously Produced |
| WW | 70 Granville Property title transfer (October 23, 2014) | Not Previously Produced |
| XX | 70 Granville tax invoice (2016) | Not Previously Produced |
| YY | 70 Granville property assessment notice (2021) | Not Previously Produced |
| ZZ | Transcript of § 341 meeting (February 3, 2021) | |
| AAA | Transcript of continued § 341 meeting (February 23, 2021) | |
| BBB | Transcript of Centennial's Bankruptcy Rule 2004 examination of Mr. Kane (March 24, 2021) | |
| CCC | Transcript of Centennial's deposition of Mr. Kane (July 6, 2022) | |

| | | |
|---|---|---|
| DDD | Estimated Buyer's Statement re 2301 Richland Property (August 20, 2020) | Not Previously Produced |
| EEE | Bank of America -0171 statement (period ending May 21, 2019) | Not Previously Produced |
| FFF | RBC -5955 statement (period ending June 12, 2019) | Not Previously Produced |
| GGG | RBC -0532 statement (period ending June 12, 2019) | Not Previously Produced |
| HHH | RBC -0532 statement (period ending July 12, 2019) | Not Previously Produced |
| III | Annotated Wells Fargo -1607 statement (period ending July 31, 2020) | Not Previously Produced; Hearsay |
| JJJ | Annotated RBC -0532 statement (period ending July 10, 2020) | Not Previously Produced; Hearsay |
| KKK | Annotated RBC -5955 statement (period ending July 10, 2020) | Not Previously Produced; Hearsay |
| LLL | Notice of Voluntary Dismissal with Prejudice (April 2, 2020), Nevada Property 1 LLC (dba The Cosmopolitan of Las Vegas) vs. Evander Kane, District Court of Clark County, Nevada case no. A-19-804759. | Relevance; Hearsay |
| MMM | Complaint (November 4, 2019), *Nevada Property 1 LLC (dba The Cosmopolitan of Las Vegas) vs. Evander Kane,* District Court of Clark County, Nevada case no. A-19-804759 | |
| NNN | Email correspondence between R. Witthans, A. Ghekas, and others dated June 28, 2022 and March 14, 2022 | |
| | Any exhibits listed on Centennial's exhibit list | |
| | Any exhibits listed on Ms. Parker's exhibit list | |
| | Any exhibits necessary for rebuttal | |
| | Any exhibits necessary for impeachment | |

Exhibit C

## HOPE PARKER'S TRIAL EXHIBIT LIST

| Exhibit # | Description | Bates # | Objection |
|-----------|-------------|---------|-----------|
| 1. | Hope Parker's Adversary Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2) and 11 U.S.C. §727(a)(5) | [Adv. Doc. 1] | |
| 2. | Evander Kane's Answer to Hope Parker's Adversary Complaint | [Adv. Doc. 15] | |
| 3. | Hope Parker's Proof of Claim | [POC 12] | |
| 4. | Any exhibits listed on Centennial's exhibit list | | |
| 5. | Any exhibits listed on Evander Kane's exhibit list | | |

Exhibit D

## CENTENNIAL'S WITNESS LIST

| Name | Address | Will/May Call | Objection |
|------|---------|---------------|-----------|
| Centennial Bank | c/o John A. Anthony, Esquire<br>Anthony & Partners, LLC<br>100 S. Ashley Ste. 1600<br>Tampa, Florida 33602 | | |
| Evander Frank Kane | c/o Finestone Hayes LLP<br>456 Montgomery St, Floor 20<br>San Francisco, California 94104 | | |
| John D. Fiero | c/o Pachulski Stank Ziehl &<br>Jones LLP<br>One Market Plaza<br>Spear Tower, 40th Floor<br>San Francisco, California 94105 | | |
| Sure Sports, LLC | c/o Jeffer Mangels Butler &<br>Mitchell LLP<br>1900 Avenue of the Stars,<br>7th Floor<br>Los Angeles, California 90067 | | |
| Leon C. McKenzie | c/o Jeffer Mangels Butler<br>& Mitchell LLP<br>1900 Avenue of the Stars,<br>7th Floor<br>Los Angeles, California 90067 | | |
| Drew Rebling | c/o Jeffer Mangels Butler &<br>Mitchell LLP<br>1900 Avenue of the Stars,<br>7th Floor<br>Los Angeles, California 90067 | | |
| Zions Bancorporation | c/o Frandzel Robins Bloom<br>& Csato, L.C.<br>1000 Wilshire Blvd., 19th Floor<br>Los Angeles, California 90017 | | |
| Professional Bank | c/o Law Offices of Stephen G.<br>Oppewall | | |

| | | | |
|---|---|---|---|
| | 4900 Hopyard Road, Ste. 100 Pleasanton, California 94588 | | |
| Eric Servaites | c/o Law Offices of Stephen G. Opperwall 4900 Hopyard Road, Ste. 100 Pleasanton, California 94588 | | |
| South River Capital | c/o Binder & Malter, LLP 2775 Park Avenue Santa Clara, California 95050 | | |
| Seven Isles Capital II, LLC | c/o Paul B. DeAngelo, Registered Agent 2328 Aqua Vista Blvd. Fort Lauderdale, Florida 33301 | | |
| Thrivest Specialty Funding LLC | c/o Fox Rothschild LLP 2000 Market St., 20th Floor Philadelphia, PA 19103 | | |
| Democracy Capital Corporation | c/o James Plack, Registered Agent 4800 Montgomery Ln, Ste. 1000 Bethesda, MD 20814 | | |
| American Bank | 9001 Edmonston Road, Ste. 100 Greenbelt, Maryland 20770 | | |
| Capital Financial Partners, LLC | 470 Atlantic Ave., 4th Floor Boston, MA 02210 | | |
| DeAngelo Vehicle Services, LLC | 9 Banks Avenue McAdoo, PA 18237 | | |
| East West Bank | 9300 Flair Drive, 6th Floor El Monte, California 91731 | | |
| Now Playing, LLC | 1926 Hollywood Blvd., Ste. 307 Hollywood, Florida 33020 | | |
| SCL-D, LLC | 10000 Town Center Ave, Ste. 410 Columbia, MD 21044 | | |
| Barry A. Smith | c/o Buchalter 1000 Wilshire Blvd. Ste. 1500 Los Angeles, California 90017 | | |

2

Exhibit E

**EVANDER KANE'S WITNESS LIST**

| Name | Address | Will/May Call | Objection |
|---|---|---|---|
| Evander Kane | c/o Finestone Hayes LLP, 456 Montgomery St, Floor 20, San Francisco, CA 94104 | | |
| Perry Kane | 8447 Isabel Place, Vancouver, BC, Canada | | |
| Sherri Kane | 8447 Isabel Place, Vancouver, BC, Canada | | |
| Tony Chiracosta | 8012 Wiles Rd., Coral Springs, FL 33067 | | |
| Fred Hjelmeset | c/o Gregg S. Kleiner, Rincon Law LLP, 268 Bush Street, Suite 3335, San Francisco, CA 94104 | | |

Exhibit F

## HOPE PARKER'S WITNESS LIST

| Name | Address | Will/May Call | Objection |
|------|---------|---------------|-----------|
| Any witnesses listed on Centennial's witness list | | | |