| | |
|---|---|
| 1 | Jonathan J. Lewis, Esq. (SBN: 221082) |
| | **J. LEWIS & ASSOCIATES, APLC** |
| 2 | 555 Corporate Drive, Suite 150 |
| | Ladera Ranch, CA 92694 |
| 3 | Telephone: 951.682.0488 |
| | Facsimile: 951.682.0496 |
| 4 | Email: jonlewis@jlewislaw.com |
| 5 | Attorneys for Plaintiff / Creditor |
| | HOPE PARKER |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 7 |
| | ) | CASE NO. 21-50028-SLJ |
| EVANDER FRANK KANE, | ) | |
| Debtor | ) | |
| _____ | ) | |
| HOPE PARKER, | ) | ADV. NO.: 21-5008 |
| Creditor / Plaintiff, | ) | |
| v. | ) | |
| EVANDER FRANK KANE, | ) | |
| Debtor / Defendant. | ) | |
| _____ | ) | ADV. NO.: 21-5016 |
| CENTENNIAL BANK. | ) | |
| Creditor / Plaintiff, | ) | **HOPE PARKER'S TRIAL BRIEF** |
| v. | ) | Trial Commencing: January 23, 2023 |
| | ) | Time: 9:00 a.m. |
| EVANDER FRANK KANE, | ) | Judge: Chief Judge Stephen L. Johnson |
| | ) | Place: Courtroom 10 |
| | ) |     280 South First Street |
| | ) |     San Jose, CA 95133 |
| Debtor / Defendant. | ) | |

Plaintiff, Hope Parker, an individual ("Parker"), hereby submits this brief in support of her complaint objecting to the discharge of Defendant, Evander Frank Kane ("Kane"), pursuant to 11 U.S.C. §727(a)(5), in compliance with the "Trial Scheduling Order" entered in the above-captioned adversary proceeding on February 25, 2022. Parker also joins in the trial brief filed by Centennial Bank.

In the Trial Brief filed today by Centennial Bank, it lays out the case against Kane, and more fundamentally that Kane does not merit a discharge pursuant to U.S.C. §727(a)(5) as Kane has failed to explain the loss/disposition of more than thirty million dollars ($30,000,000.00).

Kane filed for bankruptcy protection on January 9, 2021. Kane alleged in his filing that he had approximately $16,000,000.00 in unsecured debt. In other words, Kane alleged that he had not only gone through the tens of millions of dollars he had earned as of January 9, 2021, but that he had also gone through another $16,000,000.00 of other entities monies vis-a-vis loans he received, and all with no assets to show for it.

Kane was deposed in this matter on July 6, 2022. The July 6, 2022 date meant that Kane had 18 months from the time of his bankruptcy filing until his deposition to ensure he was sufficiently familiar with his finances to explain the loss of tens of millions of dollars. As Centennial sets forth in its trial brief, Kane was unable to provide a satisfactory explanation.

Section 727(a)(5) mandates that Kane is not entitled to a discharge when he, as a debtor, "has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." (11 U.S.C. §727(a)(5)) The evidence that will be presented to this Court next week will show that Kane has failed to provide any satisfactory explanation.

For centuries, it has been a humble maxim of bankruptcy law that bankruptcy is only intended to protect the honest debtor from that honest debtor's financial burden. (*See e.g.*, *In Re Bowman* 173 B.R. 922, 924 (9th Cir. BAP 1986)) This Court will have to decide if Kane's vague, generalized and indefinite responses are sufficient. But as other Courts have held, they simply are not. (*Bell v. Stuerke* (*In Re Stuerke*), 61 B.R. 623, 626 (9th Cir. BAP 1986); *In Re Racer*, 580 B.R. 45, 55 (Bankr. E.D.N.Y. 2018))

Parker (as are all parties) is aware of the value of brevity and respect for this Court's time. As Centennial has set forth the reasons for why Kane does not legally merit a discharge in its trial brief (in which Parker joins), Parker has elected to keep this trial brief concise.

In closing, Kane is not entitled to a discharge pursuant to Section 727(a)(5) as he has failed to provide a satisfactory explanation for the loss of his funds and assets. Parker respectfully requests that this Court find in favor of Centennial and Parker and against Kane, and enter judgment as follows:

1. That Kane's discharge be denied pursuant to 11 U.S.C. §727(a)(5); and

2. For such other and further relief as this Court deems just and proper.

Respectfully submitted:

Dated: January 17, 2023        **J. LEWIS & ASSOCIATES, APLC**

By: /S/ *Jonathan J. Lewis*
Jonathan J. Lewis, Esq.
Attorney for Plaintiff
Hope Parker